**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 26-cv-22393-BLOOM/Elfenbein**

YIU FAI THOMAS CHOW,

      Plaintiff,

v.

MSC CRUISES S.A. and
ULISES CIFUENTES,

      Defendants.

_____/

## ORDER ON MOTION FOR SERVICE RELIEF

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Service Relief as to Defendant Ulises Cifuentes and/or for Alternate Relief (Motion"), ECF No. [14]. Defendant MSC Cruises S.A. ("MSC") filed a Response in Opposition ("Response"), ECF No. [18].  The Court has reviewed the Motion, the supporting and opposing submissions, the record, and is otherwise fully advised. For the reasons that follow, the Motion is granted in part and denied in part.

On April 7, 2026 Plaintiff filed a Complaint against MSC and Ulises Cifuentes ("Cifuentes"). ECF No. [1]. In his Motion, Plaintiff asks the Court to (1) order MSC to accept service on Cifuentes' behalf; (2) disclose whether Cifuentes is currently working on an MSC cruise vessel; (3) disclose the Physician's last known address; and (4) extend the deadline for Plaintiff to serve Cifuentes. ECF No. [14] at 2. Plaintiff contends Federal Rule of Civil Procedure 4(e) permits service on an individual by delivering a copy of the Summons and Complaint to an agent authorized by appointment or by law to receive service of process. *Id*. at 6. Plaintiff argues that MSC's status as Cifuentes employer, combined with its exclusive control over information concerning his whereabouts supports authorization of substitutes service. *Id*.

Plaintiff relies on Federal Rule of Civil Procedure 16 for his request that the Court order MSC to make Cifuentes available for service while he is working aboard the vessel. Plaintiff contends that Rule 16 vests this Court with broad case management authority to facilitate the just, speedy, and inexpensive determination of every action. Plaintiff argues an order requiring MSC to facilitate service falls squarely within the Court's case management function. *Id*. at 7.

Plaintiff further argues that Cifuentes' last known address and current employment information is discoverable under Federal Rule of Civil Procedure 26(b)(1). *Id*. at 8. Plaintiff avers such information is essential for effecting proper service of process and the information falls within the initial discloser requirements of Federal Rule of Civil Procedure 26(a)(1)(A)(i), which require parties to disclose the name and contact information of each individual likely to have discoverable information that the disclosing party may use to support its claim or defenses. *Id*. at 9.

MSC responds that Ulises Cifuentes is an employee of MSC Cruise Management (UK) Limited, not MSC Cruises S.A. ECF No. [18] at 1. Moreover, MSC informed Plaintiff's counsel that Cifuentes is national of Nicaragua, provided Cifuentes' home address, and informed Plaintiff that Cifuentes was scheduled to board the *MSC Seaview* in Civitavecchia, Italy on June 21, 2026. MSC points out that, aside from the fact that Cifuentes if neither an employee nor agent of MSC, Cifuentes is also a foreign national subject to service abroad to which the Hague Convention supplies the proper means of service. *Id*. at 3. MSC contends that Rule 16 cannot subvert either Rule 4's service requirement or the Hague Convention.

## I.   DISCUSSION

As a preliminary matter, the Court notes that MSC has already provided Plaintiff with information as to Cifuentes' employment status with MSC and Cifuentes' last known address. As such, Plaintiff's Motion is denied as moot regarding the request for that information.

MSC's Response states that Cifuentes is a national of Nicaragua. As such, the service of Cifuentes is governed by Rule 4(f), which sets forth the methods to properly serve a foreign defendant. Fed. R. Civ. P. 4(f).

Plaintiff requests the Court authorize substituted service under Rule 4(e), under the assumption that Cifuentes was an employee or former employee of MSC. However, as MSC explains, Cifuentes is neither. Plaintiff has failed to provide no case law, statutory authority, or factual circumstances that would permit this Court to preemptively authorize substituted service. Moreover, nothing within Rule 16 allows this Court to subvert proper service requirements as set forth in Rule 4(f).

Plaintiff requests that this Court extend time for service through October 5, 2026. ECF No. [14] at 8. Plaintiff contends good cause exists under Federal Rule of Civil Procedure 4(m) because he has undertaken diligent efforts to locate and serve Cifuentes but has been "thwarted" by factors beyond his control. Good cause for a failure to serve within the time limit prescribed in Rule 4(m) exists "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Lepone–Dempsey v. Carroll Cnty. Com'rs*, 476 F.3d 1277, 1281–82 (11th Cir. 2007) (citation omitted). "Even in the absence of good cause, a district court has the discretion to extend the time for service of process." *Id*. at 1281; *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132–33 (11th Cir. 2005). "Relief may be justified, for example, if the applicable statute of limitations would bar the re-filed action, or if the defendant is evading service

or conceals a defect in attempted service." *Horenkamp*, 402 F.3d at 1132–33 (citing Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments).

Considering MSC's disclosure of Cifuentes' home address and his current working schedule, the Court finds that the outside factors which may have once limited Plaintiff's ability to effectuate service no longer exist. Nonetheless, an extension through October is too great a length of time. Plaintiff shall effectuate service on Cifuentes by **August 7, 2026**.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion, **ECF No. [14]**, is **GRANTED IN PART AND DENIED IN PART**.

2. Plaintiff shall effectuate service on Defendant Ulises Cifuentes by **August 7, 2026**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on July 8, 2026.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:

counsel of record

4